**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO LARA-LEYVA,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **ERT ZOLECKI, ERT COPPER** | ) | **Magistrate Judge** |
| **ERT BREWER, ERT VAN OVENMERN** | ) | |
| **and SGT. MARTIN, Individually,** | ) | **JURY DEMAND** |
| **SHERIFF MIKE KELLEY and** | ) | |
| **COUNTY OF WILL** | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff**,** ALEJANDRO LARA-LEYVA, by and through his attorneys

Gregory E. Kulis and Associates Ltd., complaining against the Defendants, ERT ZOLECKI, ERT

COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, individually, SHERIFF

MIKE KELLEY, and COUNTY OF WILL, as follows:

### COUNT I - EXCESIVE FORCE/FAILURE TO INTERVENE

1. This action is brought pursuant to the Laws of the United States Constitution,

specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress

deprivations of the Civil Rights of the Plaintiff, ALEJANDRO LARA-LEYVA, accomplished by

acts and/or omissions of Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN

OVENMERN and SGT. MARTIN, individually, SHERIFF MIKE KELLEY, and COUNTY OF

WILL, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental

jurisdiction of the State of Illinois.

3. The Plaintiff, ALEJANDRO LARA-LEYVA was at all relevant times, a United

States citizen and a resident of the State of Illinois.

4.      At all relevant times, the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, were duly appointed Will County Deputy Sheriffs acting within their scope of employment and under color of law at the Will County Adult Detention Facility.

5.      On or about April 14, 2015, the Plaintiff, ALEJANDRO LARA-LEYVA was in custody at the Will County Adult Detention Facility.

6.      One or more of the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, began verbally berating the Plaintiff while he was in custody.

7.      One or more of the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, physically attacked the Plaintiff and tazed him before and after he was handcuffed.

8.      While these incidents were taking place, the other Defendants were nearby, observed the uses of force, and did nothing to intervene.

9.      The Plaintiff, ALEJANDRO LARA-LEYVA did nothing to warrant said attack.

10.     The Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN'S use of force was excessive and unreasonable.

11.     The actions of the Defendants were intentional, willful and wanton.

12.     At all relevant times, the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, were acting pursuant to the customs and policies of the Will County Sheriff's Department.

13.     The Plaintiff, ALEJANDRO LARA-LEYVA was injured.

14.     Said actions of the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT VAN OVENMERN and SGT. MARTIN, violated the Plaintiff, ALEJANDRO LARA-

2

LEYVA'S Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

15.     As a direct and proximate consequence of said conduct of the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT OVENMERN, and SGT. MARTIN, and/or any other unknown officers, the Plaintiff, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and future pain and suffering.

**WHEREFORE**, the Plaintiff, ALEJANDRO LARA-LEYVA, prays for judgment in his favor and against the Defendants, ERT ZOLECKI, ERT COPPER, ERT BREWER, ERT OVENMEN and SGT. MARTIN, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT II – INDEMNIFICATION (COUNTY OF WILL)

1-15.     The Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-15 of Count I as though fully set forth herein

16.     At all times relevant hereto, Defendants, ERT ZOLECKI, ERT COPPER, ERT OVENMEN, and SGT. MARTIN, were employees of the COUNTY OF WILL and acted within the scope of their employment in committing the misconduct described herein.

17.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of employment in committing the misconduct described herein.

**WHEREFORE**, should Defendants, ERT ZOLECKI, ERT COPPER, ERT OVENMEN, ERT and SGT. MARTIN, be found liable for the acts alleged above, Defendant COUNTY OF WILL, would be liable to pay the Plaintiff any judgment obtained against said Defendants.

3

## <u>COUNT III – UNCONSTITUTIONAL CUSTOM, PRACTICE, and POLICY (SHERIFF MIKE KELLEY)</u>

1-17. The Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-17 as though fully set forth herein

18. The customs, practice, and policies of Mike Kelley, as Will County Sheriff, were the moving force behind these constitutional violations described herein in that, as a matter of custom, practice, and policy, the Will County Sheriff's Department indirectly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its Emergency Response Team ("ERT") officers, such that its failure to do so manifests deliberate indifference.

19. Furthermore, as a matter of custom, practice, and policy, Mike Kelley, as Will County Sheriff, facilitates and enables the use of excessive force by ERT officers towards inmates and/or pretrial detainees at the Will County Adult Detention Facility by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting the Plaintiff.

20. For instance, there have been multiple lawsuits filed against the ERT officers named as individual Defendants herein sounding in excessive use of force, failure to intervene, and other similar constitutional violations allegedly committed in their capacity as ERT officers towards inmates and/or pretrial detainees at the Will County Adult Detention Facility. Be this as it may, the Defendant officers' personnel files do not evince any formal, substantive investigation into these, or any other, allegations of misconduct.

21. The Will County Sheriff knew of or was indifferent to an unwritten policy or "code of silence" present among ERT officers at the Will County Adult Detention Facility that suppressed the reporting, supervision, investigation and prosecution of ERT officers related to the use of

4

excessive force towards inmates and/or pretrial detainees at the Will County Adult Detention Facility.

22. Accordingly, this lack of institutional supervision and control directly and proximately caused the misconduct and the Plaintiff's injuries complained of herein.

23. Mike Kelley, as Will County Sheriff, has knowledge of and has failed to act to remedy the patterns of abuse described in the preceding factual allegations, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

**WHEREFORE**, the Plaintiff, ALEJANDRO LARA-LEYVA, prays for judgment in his favor and against the Defendant, WILL COUNTY SHERIFF MIKE KELLEY, for a reasonable amount in compensatory damages, punitive damages, plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff hereby requests a trial by jury.

Respectfully submitted,
Alejandro Lara-Leyva

/s/ Gregory E. Kulis

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**(312) 580-1830**

5